KLATT, J., concurring.
{¶ 39} I agree with the majority decision to overrule appellants' first assignment of error and to sustain appellants' second and third assignments of error. I write separately for purposes of clarification.
{¶ 40} Because the default judgment against Bank of America that extinguished its interest in the mortgage on appellants' McNaughton Lane property was vacated in SRB Servicing v. Herman , Franklin C.P. No. 14CV-5066 (Nov. 24, 2015) ("SRB Servicing "), Bank of America, and its successors and assigns, including appellee, retained its interest in the mortgage. Therefore, appellee is the holder of a valid mortgage on appellants' McNaughten Lane property. Appellants have failed to present any evidence indicating that appellee's interest in the mortgage is defective. Therefore, I agree with overruling appellants' first assignment of error.
{¶ 41} I also agree with the majority decision to sustain appellants' second and third assignments of error. The notice of default relied on by the appellee was sent to appellants at a time when Bank of America's interest in the mortgage was extinguished due to the default judgment against Bank of America in the SRB Servicing litigation. Because Bank of America had no interest in the mortgage when the notice of default was sent, that notice is a nullity. Although Bank of America's interest in the mortgage was subsequently revived when the default judgment was vacated in the SRB Servicing litigation, the notice of default remained a nullity. Neither Bank of America nor its successors and assigns, including appellee, sent appellants a notice of default or provided appellants an opportunity to cure when they held a valid interest in the mortgage. Therefore, appellee failed to comply with the notice of default provision in the mortgage. For this reason, I agree that appellants' second and third assignments of error should be sustained.